UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON, | No. 2:14-cv-0798 MCE DB |
| Plaintiff, | |
| v. | ORDER |
| ELK HORN GAS, INC., | |
| Defendant. | |

On January 6, 2017, this matter came before the undersigned for hearing of plaintiff's motion to compel and for sanctions. Attorney Sara Gunderson appeared on behalf of the plaintiff. Neither the defendant, nor defense counsel appeared at the duly-noticed hearing. At the hearing, plaintiff's counsel represented that she has not received any communication from defense counsel since the motion to compel and for sanctions was filed. Furthermore, defendant did not file an opposition to the motion to compel and for sanctions, nor did counsel respond to plaintiff's requests to meet and confer concerning the motion.

Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion." Federal Rule of Civil Procedure 37 provides that the Court "must" require the losing party or attorney or both to pay the costs/fees award, in the absence of an exception. Fed. R. Civ. P. 3737(a)(5)(A). The rule further provides that the court may order

1  sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request
2  for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R.
3  Civ. P. 37(d)(1)(A)(ii).

    Defendant, who is represented by counsel, did not provide any written response to the
interrogatories or requests for production that were propounded by plaintiff, nor did defendant
respond to the motion or appear at the hearing to offer an explanation or defense of the failure to
provide the discovery.

    Upon consideration of the arguments on file and at the hearing, and for the reasons set
forth on the record at the hearing, IT IS HEREBY ORDERED that:

    1. Plaintiff's December 8, 2016 motion to compel responses to interrogatories and
responses to requests for production (ECF No. 32) is granted;

    2. Plaintiff's December 8, 2016 motion for sanctions (ECF No. 32) against defense
counsel is granted pursuant to Federal Rule 37; and

    3. Defense counsel[1] shall, pursuant to Federal Rule 37, pay plaintiff $1,600[2] within
fourteen days of the date of this order, for attorney's fees and costs incurred by plaintiff's counsel
in pursuit of the requested discovery.

Dated:  January 6, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

---

[1]  Federal Rule 37(d)(3) provides that the court, in its discretion, may levy the sanctions against the party, the attorney, or both.  The court is imposing this sanction against defense counsel and not defendant.  Defense counsel is an officer of this court and is on the docket as defendant's counsel of record in this case.  Plaintiff's counsel's communications concerning discovery have all been through defense counsel who appears to have stopped responding entirely to all matters in this case.  Given these facts, the court finds it appropriate to impose the sanctions on defense counsel, rather than defendant.

[2]  Plaintiff's counsel supported the amount of the sanctions with a declaration from counsel. (ECF No. 32-2.)  The court is satisfied that the amount is reasonable.

TIM-DLB:10
DB \ ORDERS \ ORDERS.CIVIL \ john0798.oah.010617