UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

    Plaintiff,

v.

ELK HORN GAS INC.,

    Defendant.

No. 2:14-cv-00798-MCE-DB

**MEMORANDUM AND ORDER**

This lawsuit was brought by Plaintiff Scott Johnson ("Plaintiff") under the provisions of both the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA"), and California's Unruh Civil Rights and Disabled Persons Acts (Cal. Civ. Code §§ 51-53, 54-54.8)[1] on grounds that Defendant Elk Horn Gas, Inc. ("Elk Horn") failed to provide a compliant accessible parking space and transaction counter at its Elkhorn Shell service station located at 4261 Elkhorn Blvd in North Highlands, California.

Presently before the Court is Plaintiff's Motion for Summary Judgment which seeks both an order that the disability access deficiencies be rectified, as well as money damages in the amount of $8,000.00. Defendant Elk Horn has failed to oppose the Motion. As set forth below, Plaintiff's Motion is GRANTED.[2]

---

[1] Plaintiff also alleges a state common law claim for negligence in his Fourth Cause of Action.

[2] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs in accordance with E.D. Local Rule 230(g).

1

## BACKGROUND

On September 11, 2013, Plaintiff went to Defendant's Elkhorn Shell station and discovered that the "van accessible" parking stall lacked signage and was too steep and uneven for him to exit his vehicle safely and independently in a wheelchair. Pl.'s Statement of Undisputed Facts, No. 5, 8-10. In addition, when Plaintiff went inside the station to make his purchase, he discovered that the transaction counter was too high for him to use when seated in his chair. Id. at 15. According to Plaintiff, he returned to the Elkhorn Shell on four additional occasions and encountered the same barriers on each subsequent visit. Id. at 18.

In now moving for summary judgment, Plaintiff submits evidence demonstrating just how the barriers he encountered were legally inadequate under the ADA and how he is entitled to statutory damages under California's Unruh Civil Rights Act, which provides for a statutory penalty of $4,000.00 for each ADA violation under Cal. Civ. Code § 55.56(a). Although Plaintiff visited Elkhorn Shell on a total of five different occasions and claims he was subjected to access barriers on each occasion, he requests statutory damages for only two visits, or $8,000.00.

## STANDARD

The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex, 477 U.S. at 325.

Rule 56 also allows a court to grant summary judgment on part of a claim or defense, known as partial summary judgment. See Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each

claim or defense—on which summary judgment is sought."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995). The standard that applies to a motion for partial summary judgment is the same as that which applies to a motion for summary judgment. See Fed. R. Civ. P. 56(a); State of Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998) (applying summary judgment standard to motion for summary adjudication).

In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).

**ANALYSIS**

Plaintiff's moving papers meet his initial burden in showing entitlement to summary judgment against Defendant Elk Horn on grounds that its service station contained the access barriers delineated above. That showing shifts the burden, under the Matsushita analysis cited above, to Defendant Elk Horn to show that genuine material issues of fact indeed exist. Defendant Elk Horn has failed to meet that burden, and in the absence of any showing whatsoever in that regard, Plaintiff is entitled to summary judgment as requested.

Plaintiff's Motion was initially scheduled to be heard on May 4, 2017. Defendant Elk Horn, although represented by counsel, failed to file a timely opposition to Defendant's Motion in advance of that hearing date as required by E.D. Local Rules 230(c) and 260(b). By Minute Order dated April 26, 2017, the Court notified

Defendant Elk Horn of that deficiency and vacated the May 4, 2017 hearing date. ECF No. 46. The Court also issued an Order to Show Cause ("OSC") as to why Plaintiff's Motion should not be granted, and judgment entered in Plaintiff's favor, given that failure. Defendant Elk Horn was ordered to respond to the OSC within ten days following the date the Minute Order was electronically filed and was advised that failure to do so would result in judgment being entered in Plaintiff's favor without further notice. Id.

Plaintiff filed no response whatsoever to the Court's Order. Given that failure, and because Defendant Elk Horn has failed to raise any triable issue of fact to counter Plaintiff's prima facie showing that he is entitled to partial summary judgment, Plaintiff's Motion will be granted.[3]

**CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (ECF No. 39) is GRANTED.

IT IS SO ORDERED.

Dated: October 5, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[3] Additionally, given Defendant Elk Horn's failure to file any opposition, or respond to the Court's OSC order, dismissal under 41(b) for failure to comply with the both Rule 56 and the Court's Local Rules in this regard, constitutes yet another ground for dismissal.