UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

        Plaintiff,

        v.

ELK HORN GAS INC.,

        Defendant.

No. 2:14-cv-00798-MCE-DB

**MEMORANDUM AND ORDER**

This lawsuit was brought by Plaintiff Scott Johnson ("Plaintiff") under the provisions of both the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA"), and California's Unruh Civil Rights and Disabled Persons Acts (Cal. Civ. Code §§ 51-53, 54-54.8)[1] on grounds that Defendant Elk Horn Gas, Inc. ("Elk Horn") failed to provide a compliant accessible parking space and transaction counter at its Elkhorn Shell service station located at 4261 Elkhorn Blvd in North Highlands, California.

Presently before the Court is Plaintiff's Motion for Attorney's Fees and Litigation Expenses (ECF No. 49). Plaintiff seeks attorney's fees totaling $17,315 and litigation expenses of $620, for a total amount of $17,935. Defendant Elk Horn has failed to oppose the Motion.

---

[1] Plaintiff also alleged a state common law claim for negligence in his Fourth Cause of Action.

1

As set forth below, Plaintiff's Motion is GRANTED, but the Court finds that only $12,630 in attorney's fees are recoverable, which along with the $620 spent as litigation costs, results in a total of $13,250.[2]

## BACKGROUND[3]

Plaintiff, a California resident, is a level C-5 quadriplegic who cannot walk and has manual dexterity impairments. He uses a wheelchair and has a special van to facilitate movement.

On September 11, 2013, Plaintiff claims he went to Defendant's Elkhorn Shell station and discovered that the "van accessible" parking stall lacked signage and was too steep and uneven for him to exit his vehicle safely and independently in a wheelchair. In addition, when Plaintiff went inside the station to make his purchase, he states he discovered that the transaction counter was too high for him to use when seated in his chair. According to Plaintiff, he returned to the Elkhorn Shell on four additional occasions and encountered the same barriers on each subsequent visit.

On March 19, 2017, Plaintiff moved for summary judgment on grounds that the barriers he encountered violated the ADA as a matter of law. Plaintiff therefore claimed entitlement to statutory damages under California's Unruh Civil Rights Act, which provides for a statutory penalty of $4,000 for each ADA violation under Cal. Civ. Code § 55.56(a). Although Plaintiff visited Elkhorn Shell on a total of five different occasions and claims he was subjected to access barriers on each occasion, he sought statutory damages for only two visits. Defendant Elk Horn failed to oppose Plaintiff's summary judgment request and, by Memorandum and Order filed October 7, 2017, the Court granted Plaintiff's Motion and entered judgment in favor of Plaintiff.

---

[2] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

[3] Unless otherwise noted, the facts in this section are taken from the Complaint, Plaintiff's Undisputed Facts in Support of Summary Judgment, and the present Motion.

Given the judgment rendered in his favor, Plaintiff brought the Motion for fees and costs now before the Court given his status as a prevailing party. Specifically, Plaintiff, who is represented by the Center for Disability Access, seeks to recover $350 per hour for work performed by partner Mark Potter, a $300 hourly figure for associate Phyl Grace, $250 an hour for work performed by associates Dennis Price and Isabel Masanque, and a $200 per hour rate for time expended by associates Amanda Lockhart and Sara Gunderson.

**ANALYSIS**

Section 12205 of the ADA authorizes a court, in its discretion, to "allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . ." 42 U.S.C. § 12205. A prevailing plaintiff under a statute so worded "should recover an attorney's fee unless special circumstances would render such an award unjust." Hensley v. Eckerhart, 461 U.S. 424, 429 (1976). Moreover, Section 55 of the Califirnia Civil Code provides that "[t]he prevailing party in the action shall be entitled to recover reasonable attorney's fees." Cal. Civ. Code § 55. A plaintiff who enters a legally enforceable settlement agreement is considered a prevailing party. Barrios v. Cal. Interscholastic Federation, 277 F.3d 1128, 1134 (2002).

Attorney's fees are calculated using the lodestar method, under which "a reasonable hourly rate [is multiplied] by the number of hours reasonably expended on the litigation." Widrig v. Apfel, 140 F.3d 1207, 1209 (9th Cir. 1998). The lodestar figure may then be adjusted based on an analysis of twelve factors as outlined by the Supreme Court in Hensley v. Eckerhart, 461 U.S. 424 (1983). These factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability

3

of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Id. at 430, n. 3. Plaintiff has the burden of "produc[ing] satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers." Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984).

As indicated above, Plaintiff requests $350 per hour for Mr. Potter and $300 per hour for Ms. Grace. The prevailing hourly rates in the Eastern District, however, are lower, and the Court finds that the foregoing rates sought are excessive.[4] In Johnson v. Lin, 2016 WL 1267830, at *4 (E.D. Cal. Mar. 31, 2016), for example, Potter and Grace were awarded $300 and $175, respectively. Less than a month ago, in Johnson v. Akins, Case No. 2:16-cv-02067-MCE-KJN, this Court found hourly rates of $300 and $200 proper for Potter and Grace. Additionally, in March of 2018, another judge in this district awarded Mr. Potter $300 per hour and other attorneys $150 for similar work. Johnson v. Saleh, 2018 WL 1157494, at *3 (E.D. Cal. Mar. 5, 2018). Similarly, in August of last year, another court within the district awarded $300 per hour to Mr. Potter and $175 per hour to Ms. Grace. Johnson v. Swanson, 2017 WL 3438735, at *4 (E.D. Cal. Aug. 10, 2017). Additionally, in March of 2017, the undersigned awarded Mr. Potter $300 per hour. Johnson v. Patel, 2017 WL 999462, at *3 (E.D. Cal. Mar. 15, 2017). Around that same time, the undersigned also awarded $300 per hour for partners and $200 per hour for associates in a similar ADA case. Chapman v. Pier 1 Imports (U.S.), Inc., 2017 WL 999253, at *3 (E.D. Cal. Mar. 15, 2017).

These cases make it perfectly clear that the market rate in Sacramento for a partner with Mr. Potter's experience is $300 per hour. While a wider range of fees has been applied with respect to associate attorneys ($150-$200), it is nonetheless clear that the $300 per hour sought for Ms. Grace's work is higher than the local rate.

---

[4] While Plaintiff cites four cases decided by the Central District of California, the Court rejects any notion that prevailing fees in the Los Angeles area are consistent with those being charged here in Sacramento.

4

Additionally, to the extent that Plaintiff seeks $250 an hour for time spent by Mr. Price and Masanque on this matter, those rates also appear higher than the prevailing rates here in Sacramento.

Instead, the Court is convinced that the market rate for partners and associates in ADA cases in Sacramento in 2018 is $300 and $200, respectively. These rates are consistent with the cases cited above and Plaintiff has presented no relevant evidence to the contrary. The Court thus concludes that the reasonable rate for Mr. Potter is $300 per hour, and that Ms. Grace, Mr. Price, Ms. Masanque, Ms. Lockhart and Ms. Gunderson are entitled to a $200 hourly figure.[5]

Given the lack of any opposition, the Court declines to question the reasonableness of the time expended for the various tasks identified on counsel's billing statements. The Court nonetheless notes that Mr. Potter has included an eight-hour charge for time he anticipated would be necessary to review Elk Horn's opposition to his fee request, to draft a reply, and to travel to and participate in oral argument. Since no opposition was filed and the matter was submitted, none of that estimated time in fact became necessary. This results in a total reduction to the hours billed by Mr. Potter (25.1) of 8.0 hours. Accordingly, the lodestar in this case is as follows:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Potter | 17.1 | $300.00 | $5,130.00 |
| Grace | 6.1 | $200.00 | $1,220.00 |
| Price | 1.3 | $200.00 | $260.00 |
| Masanque | 7.1 | $200.00 | $1,420.00 |
| Lockhart | 3.1 | $200.00 | $620.00 |
| Gunderson | 19.9 | $200.00 | $3,980.00 |
| **Reasonable Attorney's Fees Earned** | | | $12,630.00 |

---

[5] The rates claimed for Lockhart and Gunderson, at $200 per hour, do not require adjustment.

5

| | |
|---|---|
| 1 | The Court also awards Plaintiff $620 in litigation costs. |
| 2 | |
| 3 | **CONCLUSION** |
| 4 | |
| 5 | For the above reasons, Plaintiff's Motion for Attorney's Fees (ECF No. 49) is |
| 6 | hereby GRANTED. The Court awards Plaintiff $12,630 in attorney's fees and $620 in |
| 7 | litigation costs, for a total of $13,250. |
| 8 | IT IS SO ORDERED. |
| 9 | Dated: May 1, 2018 |

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE